IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| TASHA ALLEN, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) Civil Action, Case No.: 5:12CV-172-R |
| v. | ) |
| | ) JURY DEMAND |
| DR. MARK LYNN & ASSOCIATES, PLLC | ) |
| d/b/a DOCTOR'S VALUVISION | ) |
| | ) |
|        Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Tasha Allen, by and through her undersigned counsel, and for her Complaint states as follows:

### NATURE OF THE COMPLAINT

1. This is a civil action arising under the laws of the United States and of the State of Kentucky, and is brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, as amended, and the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

### THE PARTIES

2. Plaintiff is a resident of McCracken County, Kentucky. Plaintiff was, at all relevant times, an employee of Defendant.

3. Defendant Dr. Mark Lynn & Associates, PLLC is a Kentucky professional limited liability company doing business as Doctor's ValuVision with its principal place of business at 4802 Albrecht Court, Louisville, KY 40241. Its registered agent for service of process is Dr.

Mark E. Lynn, who may be served at Defendant's principal business location at 4802 Albrecht Court, Louisville, KY 40241.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the federal claims brought by Plaintiff pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, because they raise federal questions pursuant to 28 U.S.C. § 1331. The Court also has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendant conducts business and employed Plaintiff in McCracken County, Kentucky, which is located within this judicial district.

6. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission, a copy of which is attached hereto as Exhibit A. Plaintiff received a Notice of Right to Sue from the EEOC with respect to the Americans with Disabilities Act charge set forth below less than ninety days prior to the filing of this Complaint. A copy of Plaintiff's Notice of Right to Sue letter is attached hereto as Exhibit B.

## FACTUAL BACKGROUND

7. Ms. Allen worked as a Third Key Manager for Defendant. In this position, she was responsible for opening and closing the store, overseeing some employees, making sure eyeglass lenses were in stock, and doing frame styling.

8. On or about February 20, 2010, Ms. Allen became very sick. She went to a hospital, which diagnosed her with pneumonia but released her to return to work..

9. In early-March 2010, Ms. Allen again got very sick. She became dizzy, pale, and had trouble walking. This time, she went to a different hospital, which called in a pulmonologist who found glass particles in her lungs from exposure to the lense cutting process in Defendant's eyeglasses lab.

10. The pulmonologist kept Ms. Allen off work until June 2010, when she returned to work.

11. Then, in July 2010, a rheumatologist diagnosed Ms. Allen with Lupus but allowed her to return to work.

12. In September 2010, Ms. Allen got very sick again, losing 163 pounds in one month. She received treatment, however, and was released to return to work with a restriction against bending or squatting.

13. Defendant gave Ms. Allen a hard time about her restrictions, telling her that she should do her duties without respect to her restrictions.

14. After receiving correct diagnoses and treatment in mid-2010, Ms. Allen's condition stabilized and she continued to perform her duties without interruption for several months.

15. Beginning in or about February 2011, however, Ms. Allen began feeling sick again. This generalized discomfort did not interfere with her work, however, until March 23, 2011. On that day, Ms. Allen felt hot and noticed she could not feel her left side while she sat at work. Then, she became dizzy, slurred her speech, and blacked out. Ms. Allen's doctor instructed her to get to the emergency room as soon as possible. Defendant, however, did not allow Ms. Allen to leave for two more hours.

16. When Ms. Allen finally got to the hospital on March 23, 2011, she was diagnosed with a TIA Stroke. Ms. Allen had to undergo physical therapy then see a specialist in Chicago before she was returned to a hospital in Paducah on or about April 18, 2011. Ms. Allen stayed in contact with Defendant regarding her condition.

17. Defendant stated that it placed Ms. Allen on a medical leave of absence as of April 18, 2011. Pursuant to Defendant's policy, employees like Ms. Allen were permitted leaves of absence of up to six months.

18. Ms. Allen was released to return to work on October 1, 2011. She was temporarily restricted to a work day of four to six hours, no lifting, and no long-term standing or walking. Ms. Allen faxed her release and restriction information to her manager multiple times but Defendant did not permit her to return to work.

19. Defendant could have accommodated Ms. Allen's temporary restrictions. Defendant did accommodate another employee who was hospitalized at the same time as Ms. Allen and was restricted to doing nothing more than sitting and answering the telephone. Defendant also accommodated another employee who was restricted to working two days per week and no more than six hours per day after back surgery.

20. After sending in her release information several times, Ms. Allen finally got her manager on the phone. Instead of returning her to work, though, the manager said Ms. Allen would have to advise as to her status after her next doctor appointment.

21. At her next doctor visit, Ms. Allen received a clean bill of health but her restrictions were continued. Ms. Allen passed this information on to her manager. The manager said Defendant wanted Ms. Allen to return without any restrictions and would get back to her about her return date.

22. Thereafter, the manager did not answer Ms. Allen's repeated phone calls or return her messages seeking a date on which she could return to work until mid-December 2011. In a phone call at that time, the manager stated Ms. Allen would be allowed to return to work at the beginning of 2012.

23. The manager, however, had told Defendant's other employees since at least November 2011 that she would not allow Ms. Allen to return to work and that Defendant would terminate Ms. Allen.

24. Ms. Allen tried to contact her manager several times in late-December 2011 and early-January 2012 about her return to work but the manager did not answer her calls.

25. Finally, on January 20, 2012, the manager called Ms. Allen and terminated her. The manager stated Ms. Allen had been on leave of absence for too long even though Ms. Allen had been able to return to work and had attempted to return to work on October 1, 2011, less than six months after she began her leave of absence.

26. Defendant's treatment of Ms. Allen was motivated, at least in part, because it did not wish to accommodate her, because of her record of disability, and/or because it regarded her as disabled.

25. The actions of Defendant complained of herein were intentional, willful, deliberate, knowing, and malicious.

26. As a direct, foreseeable, and proximate result of Defendant's wrongful actions, Ms. Allen has suffered pecuniary losses in the form of lost income and lost employment benefits as well as severe emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, all in an amount to be determined at trial.

## COUNT I

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT – FAILURE TO ACCOMMODATE

27. Ms. Allen realleges and incorporates herein the allegations contained in Paragraphs 1 – 26.

28. Defendant's actions constitute a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

29. Ms. Allen could have performed the essential functions of her job with reasonable accommodations for her medical limitations.

30. Defendant, however, refused to permit Ms. Allen to return to work at least in part because it did not want to accommodate her medical restrictions.

31. Defendant's discriminatory actions against Ms. Allen were willful and knowingly committed.

32. As a direct and proximate result of Defendant's adverse treatment of Ms. Allen in violation of the Americans with Disabilities Act, Ms. Allen was injured and suffered damages.

33. Ms. Allen has sustained a loss of back pay, benefits, incidental expenses, and front pay.

34. Defendant engaged in the discriminatory practices alleged in the second cause of action with malice and/or with reckless indifference to Ms. Allen's federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981(a) & (b).

## COUNT II

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT – RECORD OF DISABILITY

35. Ms. Allen realleges and incorporates herein the allegations contained in Paragraphs 1 – 34.

36. Defendant's actions constitute a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

37. Defendant was aware that Ms. Allen had suffered from several conditions over the previous two years that substantially limited her in one or more major life activities before she received comprehensive treatment in 2011.

38. Ms. Allen recovered from her conditions and became fully able to perform her job for Defendant.

39. Defendant, however, refused to permit Ms. Allen to return to work at least in part because of her record of disability.

40. Defendant's discriminatory actions against Ms. Allen were willful and knowingly committed.

41. As a direct and proximate result of Defendant's adverse treatment of Ms. Allen in violation of the Americans with Disabilities Act, Ms. Allen was injured and suffered damages.

42. Ms. Allen has sustained a loss of back pay, benefits, incidental expenses, and front pay.

43. Defendant engaged in the discriminatory practices alleged in the second cause of action with malice and/or with reckless indifference to Ms. Allen's federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981(a) & (b).

## COUNT III

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT – REGARDED AS DISABLED

44. Ms. Allen realleges and incorporates herein the allegations contained in Paragraphs 1 – 43.

45. Defendant's actions constitute a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

46. Defendant regarded Ms. Allen as disabled and, at least in part on this basis, treated her differently than other employees even though she was, at all relevant times, physically and mentally capable of performing all essential functions of her job.

47. Defendant's discriminatory actions against Ms. Allen were willful and knowingly committed.

48. As a direct and proximate result of Defendant's adverse treatment of Ms. Allen in violation of the Americans with Disabilities Act, Ms. Allen was injured and suffered damages.

49. Ms. Allen has sustained a loss of back pay, benefits, incidental expenses, and front pay.

50. Defendant engaged in the discriminatory practices alleged in the second cause of action with malice and/or with reckless indifference to Ms. Allen's federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981(a) & (b).

## COUNT IV

### VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT – FAILURE TO ACCOMMODATE

51. Ms. Allen realleges and incorporates herein the allegations contained in Paragraphs 1 – 50.

52. Defendant's failure to accommodate Ms. Allen constitutes illegal discrimination in violation of the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

53. As a result of Defendant's conduct, Ms. Allen suffered damages.

## COUNT V

### VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT – RECORD OF DISABILITY

54. Ms. Allen realleges and incorporates herein the allegations contained in Paragraphs 1 – 53.

55. Defendant's conduct constitutes illegal discrimination because of Ms. Allen's record of disability in violation of the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

56. As a result of Defendant's conduct, Ms. Allen suffered damages.

## COUNT VI

### VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT – REGARDED AS DISABLED

57. Ms. Allen realleges and incorporates herein the allegations contained in Paragraphs 1 – 56.

58. Defendant's conduct constitutes illegal discrimination because Defendant regarded Ms. Allen as disabled in violation of the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

59. As a result of Defendant's conduct, Ms. Allen suffered damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays as follows:

1. That Defendant be served and required to answer within the time prescribed by law;

2. That a jury of eight try this cause;

3. That, upon the trial of this matter, Plaintiff be awarded judgment for damages of the lost compensation she has suffered from the date of Defendant's discriminatory actions in an amount to be proven at trial;

4. That the Court issue an award of front pay in an amount to be proven at trial in lieu of reinstatement because the actions described herein and the circumstances surrounding the place of employment have made reinstatement impossible;

5. That the Plaintiff be awarded additional compensatory damages pursuant to Counts I – VI, including, but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation in an amount to be proven at trial;

6. That costs and discretionary costs be taxed against Defendant;

7. That Defendant be ordered to pay punitive damages pursuant to Counts I – VI in an amount to be determined at trial;

8. That costs and attorneys' fees be assessed against Defendant pursuant to 42 U.S.C. § 12205 and Ky. Rev. Stat. § 344.450;

9. That pre-Judgment and Post-Judgment interest be assessed against Defendant, as provided by law;

10. That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

11. For such other and further relief as the Court may find appropriate.

Respectfully submitted,

s/ D. Wes Sullenger
D. Wes Sullenger, KY BAR # 91861
TN BPR # 021714

Sullenger Law Office, PLLC
2320 Broadway, Suite 407
Paducah, KY  42001
Voice: (270) 443-9401
Fax:    (270) 443-3624

wes@sullengerfirm.com

*Attorney for the Plaintiff,*
*Tasha Allen*